AO 91 (Rev. 11/11) Criminal Complaint



**FILED**
10/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CRISTAL CABALLERO

CASE NUMBER:  25CR638

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 4, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) | forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, namely, an officer and employee of the United States, while he was engaged in the performance of his official duties and made physical contact with the victim of that assault |

This criminal complaint is based upon these facts:

 X  Continued on the attached sheet.

*Gerome Cheek /by HKM*
_____
Gerome Cheek
Special Agent
Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 5, 2025     at 12:40 p.m.

*Heather K. McShain*
_____
*Judge's signature*

City and state: Chicago, Illinois

HEATHER K. MCSHAIN
*U.S. Magistrate Judge*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS     ss

## AFFIDAVIT

I, GEROME CHEEK, being duly sworn, state as follows:

1.     I am a Special Agent with the Homeland Security Investigations (HSI), and I have been so employed since July 2019. My current responsibilities include the investigation of immigration and customs law violations, as well as fraud offenses, investigations into transnational criminal organizations, and money laundering.

2.     This affidavit is submitted in support of a criminal complaint alleging that CRISTAL CABALLERO has violated Title 18, United States Code, Section 111(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging CABALLERO with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer and made physical contact with the victim, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3.     This affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts, my review of video footage, and my training and experience.

1

## FACTS SUPPORTING PROBABLE CAUSE

4.     According to my review of body worn camera video and based on information provided by Border Patrol Agents (BPAs) with United States Customs and Border Protection (CBP):

a.     On or about October 4, 2025, at approximately 3:55 p.m., BPAs and other law enforcement officials with the Chicago Police Department (CPD) were assisting with crowd control and attempting to enforce a perimeter around S. Kedzie Avenue and West Pershing Road in Chicago, Illinois.  The BPAs were wearing camouflage uniforms that indicated their status as law enforcement officials.  The CPD officers were wearing uniforms with vests labeled with the word "Police" in large lettering.

b.     At approximately 3:55 p.m. as captured on body worn camera video, CABALLERO, wearing a white mask and sunglasses, had a verbal exchange with BPAs as another individual in the crowd pulled CABALLERO away from the BPAs.

c.     Certain individuals in the crowd breached the perimeter, and CABALLERO began running behind BPAs as the BPAs attempted to control the crowd.  Two BPAs (Border Patrol Agent A and Border Patrol Agent B) approached CABALLERO, who continued to run.

d.     Border Patrol Agent A and Border Patrol Agent B attempted to detain CABALLERO.  At approximately 3:56 p.m. on the body-worn camera video of Border Patrol Agent B, CABALLERO extended her arm to push Border Patrol Agent

B and made physical contact with Border Patrol Agent B. At approximately 3:56 p.m. on the body-worn camera video of Border Patrol Agent A, CABALLERO resisted arrest by Border Patrol Agent A and physically struggled with Border Patrol Agent A.

       e.      Border Patrol Agent A brought CABALLERO to the ground and attempted to place CABALLERO under arrest. CABALLERO began resisting Border Patrol Agent A's attempts to place handcuffs on CABALLERO but ultimately submitted.

## CONCLUSION

       5.      Based on the above information, I submit that there is probable cause to believe that on or about October 4, 2025, CRISTAL CABALLERO did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in section 111 of this title while engaged in or on account of the performance of official duties, and such acts involved physical contact with the victims. I therefore respectfully request that this Court issue a criminal complaint charging CABALLERO with a violation of Title 18, United States Code, Section 111(a)(1).

FURTHER AFFIANT SAYETH NOT.

*Gerome Cheek /by HKM*

Gerome Cheek
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone October 5, 2025.

Honorable HEATHER K. MCSHAIN
United States Magistrate Judge